# United States District Court



### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

RAFAEL MURILLO-AGUILAR

Criminal Complaint

CASE NUMBER: 05-112M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __August 17, 2005__ in __New Castle__ County, in the District of Delaware, defendant did remain in the United States, having illegally re-entered the United States prior to August 17, 2005 and after May 2, 2002, after having been deported to Mexico.

in violation of Title ____8____ United States Code, Section(s) __1326(a)__.

I further state that I am a(n) __Supervisory Special Agent, ICE__ and that this complaint is based
                                            Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Signature of Complainant
William O. Horn
Supervisory Special Agent, ICE

Sworn to before me and subscribed in my presence,

__August 18, 2005__                at   Wilmington, DE
Date                                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge          _____
Name & Title of Judicial Officer        Signature of Judicial Officer

## AFFIDAVIT

I, William O. Horn, being duly sworn, depose and say:

1. I am a Supervisory Special Agent with the United States Department of Homeland Security, Bureau of Immigration & Customs Enforcement (ICE), Dover, Delaware. I have been employed as a Supervisory Special Agent since October 1, 1997, when I was employed by the INS. The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. This investigation is based on information provided by State of Delaware government agencies, INS/ICE records, and my own observations and interviews.

3. In the beginning of August, 2005, ICE Dover received notification from a State of Delaware government agency advising that Rafael MURILLO-Aguilar, born ████████, 1971, was on probation pursuant to a conviction for drug possession in Delaware, and that he resided within the jurisdiction of the District of Delaware. Arrangements were made to have MURILLO report to Delaware Probation and Parole on August 16, 2005. When he reported, he was taken into custody by ICE.

4. On August 17, 2005, your affiant advised MURILLO of his rights, in Spanish. Once advised of his rights, MURILLO declined to waive his rights and speak with ICE Agents.

5. Your affiant has reviewed the alien file relating to Rafael MURILLO-Aguilar, which contained photographs and fingerprints of the subject of the alien file. Those photographs were compared to MURILLO and were, in fact, photographs of him. A set of fingerprints taken today from the subject was sent to the FBI, along with a set of fingerprints taken at one of his earlier encounters. The FBI compared the fingerprints and they were identical with one another. Both sets related to Rafael MURILLO-Aguilar. In addition, an ICE database that reads index-finger prints and a photograph showed four previous encounters for the subject when his fingerprints and photograph were submitted.

6. There was evidence in the alien file and in ICE databases that the subject has been removed from the United States on at least four separate occasions. He was removed from the United States on February 20, 1998 at Laredo, Texas, pursuant to an order of an Immigration Judge, based upon his conviction in Connecticut for Possession of Cocaine, under the name Rafael MURILLO-Aguilar. He was removed from the United States on April 28, 1998 at Calexico, California, pursuant to an Expedited Removal based upon his attempted entry into the United States by fraud, under the name Trinidad AGUILAR-Herrera. He was removed from the United States on March 04, 1999 at El Paso, Texas, pursuant to a reinstatement of the prior order of the Immigration Judge, under the name Rafael MURILLO-Aguilar. He was removed from the United States on May 02, 2000 at Laredo, Texas, pursuant to a reinstatement of the prior order of the Immigration Judge, under the name Rafael MURILLO-Aguilar. While he refused to answer questions, MURILLO stated in conversation that he returned to the United States shortly after his last removal.

7. In reviewing the alien file relating to Rafael MURILLO-Aguilar, your affiant found no evidence of any filings for permission to reapply for admission to re-enter the United States subsequent to removal.

WHEREFORE, your affiant avers there is probable cause to believe that Rafael MURILLO-Aguilar, aka Trinidad AGUILAR-Herrera, a citizen and national of Mexico, was removed by the INS to Mexico on February 20, 1998, April 28, 1998, March 04, 1999, and May 02, 2000, and prior to his reembarkation at a place outside the United States, the United States Attorney General had not expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, 1326(a).

William O. Horn
Special Agent
U.S. Immigration & Customs Enforcement


Subscribed and sworn to before me this _____ day of August, 2005.

The Honorable Mary Pat Thynge
United States Magistrate Judge